IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

SHEILA DAVIS, *as Personal Representative of the Estate of Ronald Davis*,

        Plaintiff,

    v.

AMERICAN ALTERNATIVE INSURANCE CORPORATION, *a foreign corporation*, and PRINCETON EXCESS AND SURPLUS LINES INSURANCE COMPANY, *a foreign corporation*,

        Defendants.

No. 3:25-cv-00381-AB

OPINION AND ORDER

**BAGGIO, District Judge:**

Plaintiff Sheila Davis, as the Personal Representative of the Estate of Ronald Davis, brings this action against Defendants American Alternative Insurance Corporation ("AAIC") and Princeton Excess and Surplus Lines Insurance Company ("Princeton") (collectively, "Defendants"). Plaintiff brings a single claim for breach of contract.

Before the Court is Defendants' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6). Motion to Dismiss ("Mot. Dismiss", ECF 9). Defendants move to dismiss Plaintiff's Complaint for failure to state a claim. *Id.* at 12-22. Defendants further allege that Plaintiff's claim is time barred by the two-year statute of limitations pursuant to ORS 12.110.

1 – OPINION AND ORDER

*Id.* at 22–29. For the reasons discussed below, Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART.

## I. FACTUAL BACKGROUND

### A. Underlying Incident

On June 6, 2017, MDU Resource Inc. – Centennial E ("Knife River") was performing construction work on Interstate 5 in a highway work zone. Complaint ("Compl.", ECF 2-1) ¶ 9. Colin Cook was driving a 26,000-pound box truck for his employer, Senvoy, LLC ("Senvoy"), when he fell asleep at the wheel while driving past the Knife River highway work zone. *Id.* ¶ 11. At approximately 3:30 a.m., Cook hit the back of a Knife River truck occupied by Knife River employees Ronald Davis and Antonio Bahena. *Id.* ¶¶ 10, 11. Both Davis and Bahena suffered injuries as a result of the collision. *Id.* ¶ 11. Davis ultimately died from his injuries on June 13, 2017. *Id.* ¶¶ 12-13.

### B. Insurance Policies[1]

At the time of the accident, Senvoy had a primary commercial auto insurance policy issued by AAIC with a Covered Auto Liability Limit of $1 million ("AAIC Policy"). *Id.* ¶ 6; Lockwood Decl., Ex. 1, at 15. Senvoy had a commercial liability umbrella policy issued by Princeton with Each Occurrence and Aggregate Limits of $3 million ("Princeton Policy"). Compl. ¶ 6; Lockwood Decl., Ex. 2, at 2.

---

[1] Defendants ask the Court to "deem the AAIC Policy and the Princeton Policy as 'incorporated by reference' in the Complaint." Mot. Dismiss, 17. The incorporation by reference doctrine "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). Plaintiff does not object to incorporation by reference of the AAIC Policy and the Princeton Policy ("Policies"). Resp., 10. The Court will consider the following exhibits incorporated by reference into Plaintiff's Complaint: AAIC Policy No. 3FA2CA0000427-02 (Declaration of William Lockwood ("Lockwood Decl.", ECF 11), Ex. 1); and Princeton Policy No. 3GA3UB0000295-02 (*id.*, Ex. 2).

2 – OPINION AND ORDER

Under the AAIC policy, AAIC had the "right and duty to defend any 'insured' against a 'suit' asking for such damages" and AAIC "may investigate and settle any claim or 'suit' as we consider appropriate." Compl. ¶ 7; Lockwood Decl., Ex. 1, at 27.

Under the Princeton policy, Princeton has "the right and duty to defend" when the underlying insurance "does not provide coverage or the limits of 'underlying insurance' have been exhausted. When we have no duty to defend, we will have the right to defend, or participate in the defense of, the insured against any other 'suit' seeking damages to which this insurance may apply." Compl. ¶ 8; Lockwood Decl., Ex. 2, at 8. The Princeton policy further provides that "[a]t our discretion, we may investigate any 'occurrence' that may involve this insurance and settle any resultant claim or 'suit' for which we have the duty to defend." Compl. ¶ 8; Lockwood Decl., Ex. 2, at 8.

### C. Underlying Litigation

On or about December 10, 2018, Bahena filed a negligence lawsuit against Senvoy and Cook captioned *Bahena v. Senvoy LLC et al.*, Multnomah County Circuit Court Case No. 18CV55912 ("Bahena Lawsuit"). Compl. ¶ 14. Bahena alleged that as a result of Cook's negligence, Senvoy and Cook were liable for Bahena's damages, which included: economic damages in the amount of approximately $1,230,771.86 and noneconomic damages in the amount of $2,500,000. *Id.* On August 30, 2019, Plaintiff filed a wrongful death lawsuit against Senvoy and Cook captioned *Davis v. Senvoy, LLC*, Multnomah County Circuit Court Case No. 19CV38088 ("Davis Lawsuit"). *Id.* ¶ 15. Plaintiff alleged that as a result of the collision, the Estate suffered economic damages in the amount of $2,954,742.65 and noneconomic damages of $13,000,000. *Id.* In addition, Knife River asserted a property damage claim against Senvoy for approximately $85,000. *Id.* ¶ 16.

3 – OPINION AND ORDER

The claims asserted by Plaintiff, Bahena, and Knife River ("Claimants") exceeded the Policies' limits. *Id.* ¶ 19. On May 29, 2019, Defendants filed an interpleader complaint captioned: *American Alternative Insurance Companies v. Bahena et al.*, Multnomah County Circuit Court Case No. 19CV23986 ("Interpleader Lawsuit"). *Id.* ¶ 20. The Interpleader Lawsuit named the Claimants as defendants and conceded that the Claimants' claims exceeded the $4,000,000 aggregate policy limits of the Policies. *Id.* ¶ 21. "The interpleader lawsuit requested that Defendants be allowed to deposit their $4,000,000 policy limits into the court and to have the court allocate the funds among Claimants." *Id.*

### D.  Settlement Negotiations

The Interpleader Lawsuit did not result in a discharge of Senvoy's personal liability in excess of the Policies' terms. *Id.* For Senvoy's personal liability to be discharged, Defendants were required to enter into settlements with each Claimant and obtain release of liability. *Id.* On November 29, 2019, Defendants made a settlement offer that would have required the agreement of all Claimants. *Id.* ¶ 22. On the same day, Plaintiff rejected the offer and responded with a counteroffer that required acceptance by the end of the day. *Id.* ¶ 23. Defendants did not respond, and the offer became null and void. *Id.*

On December 1, 2019, Defendants made another offer to the Claimants. *Id.* ¶ 24. On the same day, Plaintiff emailed Defendants to ask the reason why they did not respond to Plaintiff's November 29, 2019, counteroffer. *Id.* ¶ 25. Defendants acknowledged that they received the counteroffer and apologized for not responding. *Id.* The following day, Plaintiff learned that Defendants entered into settlement with Bahena. *Id.* ¶ 26. Defendants and Bahena executed the written settlement agreement in February 2020 in which Bahena released Senvoy for any personal liability to Bahena from the collision. *Id.* ¶ 28.

### E. Plaintiff's Judgment and Assignment of Rights

As Plaintiff and Defendants did not reach settlement, Plaintiff pursued her lawsuit against Senvoy. *Id.* ¶ 30. On "November 21, 2022, a judgment was entered against Senvoy in the amount of $15,956,632.65, which continues to grow at a statutory interest rate of 9% per year until the judgment is satisfied." *Id.* In September 2023, Senvoy assigned Plaintiff all its rights and claims against Defendants. *Id.* ¶ 31.

### F. Instant Lawsuit

Plaintiff filed this action against Defendants for a single breach of contract claim assigned from Senvoy. Plaintiff contends that Defendants should have pursued settlement with her, therefore, breaching the Policies' express terms and implied covenants of good faith and fair dealing with Senvoy. *Id.* ¶¶ 29, 32, 33, & 37.

## II.  LEGAL STANDARDS

### A. Judicial Notice

When considering a motion to dismiss, if matters outside the parties' pleadings are presented to and not excluded by the court, the motion to dismiss converts into a motion for summary judgment under Federal Rule of Civil Procedure 56. *Khoja*, 899 F.3d at 998. However, "a court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Id.* at 999 (cleaned up). Under Federal Rule of Evidence 201, a court may judicially notice a fact "that is not subject to reasonable dispute." Fed. R. Evid. 201(b). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Khoja*, 899 F.3d at 999 (quoting Fed. R. Evid. 201(b)(1)–(2)). Nevertheless, a court may not take judicial

notice of facts that are irrelevant to resolving the pending motion. *See Ruiz v. City of Santa Monica*, 160 F.3d 543, 548 n.13 (9th Cir. 1998).

### B.  Motion to Dismiss Under Rule 12(b)(6)

Where the plaintiff "fail[s] to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual allegations allow the court to reasonably infer the defendant's liability based on the alleged conduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations must present more than "the mere possibility of misconduct." *Id.* at 679.

When considering a motion to dismiss, the court must accept all allegations of material fact as true and construe those facts in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). Regardless, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

If a Rule 12(b)(6) motion is granted and "the complaint is dismissed, leave to amend should be granted unless the court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Morrow Equip. Co., LLC v. Stonebridge, Inc.*, 613 F. Supp. 3d 1355, 1356 (D. Or. 2020) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)); *see also Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) ("[A] district

court may dismiss without leave [to amend] where a plaintiff's proposed amendments would fail to cure the pleading deficiencies and amendment would be futile.").

## III. DISCUSSION

### A. Judicial Notice

As a preliminary matter, Defendants request the Court take judicial notice of multiple public court documents from the underlying litigations. All the documents are accessible to the public; therefore, they are generally known. *Khoja*, 899 F.3d at 999. Additionally, they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Therefore, the Court will take judicial notice as to the *existence* of all Defendants' requested documents. However, the Court will make specific rulings as to whether it will judicially notice the contents within each document.

#### 1. *Bahena Lawsuit – Amended Complaint and Demand for Jury Trial filed October 9, 2019*

Defendants request the Court take judicial notice of the Amended Complaint filed in the Bahena Lawsuit. Mot. Dismiss, 11; Declaration of Gregory L. Baird ("Baird Decl.", ECF 10), Ex. 1. Plaintiff objects to the Court taking judicial notice of this document based on the disputed facts within the Amended Complaint. Response in Opposition to Motion to Dismiss ("Resp.", ECF 18), 13. Because the facts within the document are subject to reasonable dispute, the Court takes judicial notice only as to the existence of the Amended Complaint and will not rely on the allegations contained therein. *See Khoja*, 899 F.3d at 999. Moreover, the Court declines to judicially notice the facts within the Amended Complaint because they are irrelevant for purposes of resolving the pending motion. *See, e.g., Ruiz*, 160 F.3d at 548 n.13.

7 – OPINION AND ORDER

### 2. *Bahena Lawsuit – Stipulated General Judgment of Dismissal with Prejudice Subject to Covenant not to Execute filed June 15, 2020*

Defendants request the Court take judicial notice of the Stipulated General Judgment of Dismissal filed in the Bahena Lawsuit, including the executed settlement agreement that was included as an attachment. Mot. Dismiss, 11; Reply to Motion to Dismiss ("Reply", ECF 23), 4; Baird Decl., Ex. 2. Plaintiff objects because "both the Stipulated Judgment and Covenant not to Execute were based upon disputed facts that were never resolved between the parties." Resp., 14. Defendants contend that "[t]his does not create any dispute, however, about the terms of the Stipulated General Judgment or the attached settlement agreement." Reply, 4. The Court declines to judicially notice the terms of the documents because they are irrelevant for the purpose of resolving the pending motion. *Ruiz*, 160 F.3d at 548 n.13. Thus, the Court takes judicial notice only as to the existence of the Stipulated General Judgment of Dismissal but will not rely on the allegations contained therein. *See Khoja*, 899 F.3d at 999.

### 3. *Bahena Lawsuit – Court Register*

Defendants request the Court take judicial notice of the Bahena Lawsuit Court Register. Mot. Dismiss, 11; Baird Decl., Ex. 3. Plaintiff does not respond to Defendants request for judicial notice as to the Court Register. The Court takes judicial notice of the Bahena Lawsuit Court Register.

### 4. *Davis Lawsuit – Stipulated General Judgment and Money Award filed November 16, 2022*

Defendants request the Court take judicial notice of the Stipulated General Judgment filed in the Davis Lawsuit. Mot. Dismiss, 11; Baird Decl., Ex. 4. Plaintiff does not respond to Defendants' request for judicial notice as to this document. The Court takes judicial notice of the existence of the Davis Lawsuit Stipulated General Judgment. However, the Court declines to

judicially notice the terms of the documents because they are irrelevant for the purpose of resolving the pending motion. *Ruiz*, 160 F.3d at 548 n.13.

> 5. *Interpleader Lawsuit – Answer of Knife River Corporation-Northwest to Plaintiffs' Complaint filed August 19, 2019*

Defendants request the Court take judicial notice of the Knife River Answer filed in the Interpleader Lawsuit. Mot. Dismiss, 11; Baird Decl., Ex. 5. Plaintiff objects based on the disputed facts within, including Knife River denial of allegations within the Interpleader Complaint and assertion of affirmative defenses. Resp., 14. The facts within the Knife River Answer are subject to reasonable dispute, thus, the Court takes judicial notice only as to the existence of the Knife River Answer and will not rely on the allegations contained therein. *See Khoja*, 899 F.3d at 999. Moreover, the Court declines to judicially notice the terms of the documents because they are irrelevant for the purpose of resolving the pending motion. *Ruiz*, 160 F.3d at 548 n.13

> 6. *Interpleader Lawsuit – Shiela Davis's Motion for Specific Performance to Enforce Court Order for Deposit of Insurance Proceeds filed November 27, 2019*

Defendants request the Court take judicial notice of Shelia Davis's Motion for Specific Performance filed in the Interpleader Lawsuit. Mot. Dismiss, 12; Baird Decl., Ex. 6. Plaintiff objects based on the background portion of the Motion "establish[ing] that it was filed after a lengthy dispute among the Plaintiff, Defendants, and Antonio Bahena regarding the disbursement of the insurance proceeds in the Interpleader Lawsuit[ ]" and thus "contains disputed facts." Resp., 15. Defendants reply that they "seek judicial notice of this document for the purpose of establishing that Plaintiff opposed any reduction of the amount deposited into the court in the Interpleader Lawsuit." Reply, 4. Defendants further states that the fact "Plaintiff took that position in the Interpleader Lawsuit is well-supported by this document and not reasonably subject to dispute." *Id.* The Court declines to take judicial notice of the Motion for Specific Performance because at

9 – OPINION AND ORDER

this phase of the litigation the facts—whether subject to reasonable dispute or not—are irrelevant and not required to resolve the pending motion. *Ruiz*, 160 F.3d at 548 n.13.

> 7. *Interpleader Lawsuit – Joint Motion to Disburse and Allocate Interpleader Funds and to Dismiss Interpleader Action filed on December 3, 2020*

Defendants request the Court take judicial notice of the Joint Motion to Disburse and Allocate Interpleader Funds and Dismiss the Interpleader Lawsuit filed in the Interpleader Lawsuit. Mot. Dismiss, 12; Baird Decl., Ex. 7. Plaintiff does not respond to Defendants request as to this document. The Court takes judicial notice of the existence of the Joint Motion to Disburse and Allocate Interpleader Funds and to Dismiss the Interpleader Lawsuit filed in the Interpleader Lawsuit. The Court declines to judicially notice the terms of the documents because they are irrelevant for the purpose of resolving the pending motion. *Ruiz*, 160 F.3d at 548 n.13.

> 8. *Interpleader Lawsuit – Order on Defendants' Joint Motion to Disburse and Allocate Interpleader Funds and to Dismiss Interpleader Action filed March 4, 2021*

Lastly, Defendants request the Court take judicial notice of the Order on Defendants' Joint Motion to Disburse and Allocate Interpleader Funds and Dismiss the Interpleader Lawsuit filed in the Interpleader Lawsuit. Mot. Dismiss, 12; Baird Decl., Ex. 8. Plaintiff does not respond to Defendants request as to this document. The Court will take judicial notice of the Order on Defendants' Joint Motion to Disburse and Allocate Interpleader Funds and to Dismiss the Interpleader Lawsuit because the facts within the document are not subject to reasonable dispute. *See Khoja*, 899 F.3d at 999.

### B. Plaintiff Fails to Allege a Plausible Claim for an Express Breach of Contract.

Pursuant to Rule 12(b)(6), Defendants argue that Plaintiff has failed to state a claim for an express breach of contract. Specifically, Defendants contend that "[t]here is no express contractual obligation to settle claims," but "[r]ather, Plaintiff's claim is for breach of an alleged duty to settle

claims against Senvoy." Mot. Dismiss, 13. Stated differently, Plaintiff's claim for breach of contract is not based on any express policy term.

In Oregon, to state a claim for breach of contract, Plaintiff "must allege the existence of a contract, its relevant terms, plaintiff's full performance and lack of breach and defendant's breach resulting in damage to plaintiff." *Slover v. Or. State Bd. Of Clinical Soc. Workers*, 144 Or. App. 565, 570 (1996) (citations omitted). There is no dispute that Plaintiff has established the existence of the Policies and the Policies' relevant terms. *See* Lockwood Decl., Ex. 1 & 2. Plaintiff alleges that "the Policies expressly obligated Defendants to investigate, defend, and settle the claims asserted against Envoy within their policy limits that arose out of the June 6, 2017, collision."[2] Compl. ¶ 32. However, there are no provisions in either Policy that supports Plaintiff's allegations that Defendants expressly breached the Policies' terms.

In relevant part, the AAIC Policy states that AAIC has "the right and duty to defend any 'insured' against a 'suit' asking for damages" but AAIC has "no duty to defend any 'insured' against a 'suit' seeking damages for 'bodily injury' or 'property damage.'" Lockwood Decl., Ex. 1, at 27. Further, AAIC "*may* investigate and settle any claim or 'suit' as [AAIC] consider[s] appropriate." *Id.* (emphasis added). Similarly, the Princeton Policy states that Princeton has "the

---

[2] In addition, Plaintiff alleges that "Defendants breached Defendants' Policies with Senvoy in one or more of the following ways:"
    (a)    In failing to timely and reasonably pursue settlement of Plaintiff's claims;
    (b)    In failing to fully settle all claims with Plaintiff within their policy limits[;]
    (c)    In failing to obtain a release from Plaintiff, which would have resulted in a discharge of Senvoy's personal liability to Plaintiff over and above Defendants' applicable policy limits for claims arising out of the June 6, 2017, collision;
    (d)    In choosing to violate one or more of the implied covenants of good faith and fair dealing described in paragraph 33; and
    (e)    In choosing to expose Senvoy to the likelihood of a financially devastating excess judgment.
*Id.* ¶ 37.

11 – OPINION AND ORDER

right and duty to defend the insured against any 'suit' seeking damages for such 'bodily injury' or 'property damage.'" *Id.*, Ex. 2, at 8. The Princeton policy further provides that Princeton "*may* investigate any 'occurrence' that may involve this insurance and settle any resultant claim or 'suit' for which we have the duty to defend." *Id.* (emphasis added).

The only express obligation the Policies require are duties for Defendants to defend the insured against a suit seeking damages. Nowhere in the Complaint does Plaintiff allege facts that establish that Defendants breached their contractual duties to defend against a suit. Plaintiff's breach of contract claim is rooted in Defendants alleged failure to reasonably settle. Compl. ¶ 37. However, the Policies contain no express duty to settle. Rather, the Policies state that Defendants *may* settle. Therefore, Plaintiff has failed to establish that Defendants expressly breached the Policies' terms. Defendants' Motion to Dismiss is granted as to the express breach of the Policies' terms. After review of the Policies terms, the Court concludes that allowing Plaintiff to amend "would fail to cure the pleading deficiencies and amendment would be futile." *Cervantes*, 656 F.3d at 1041. Accordingly, Plaintiff does not have leave to amend her express breach of contract claim.

### C. Plaintiff Sufficiently Alleges a Plausible Claim for Breach of the Implied Covenants of Good Faith and Fair Dealing

Plaintiff further alleges that the Defendants breached the Policies' implied covenants of good faith and fair dealing that prohibited Defendants from:

    (a)    Failing to act promptly upon settlement demands against Senvoy;

    (b)    Failing to settle claims when it was reasonable to do so; and

    (c)    Failing to obtain settlement that would have discharged Senvoy from any personal liability in excess of Defendants' policy limits.

Compl. ¶ 33. Defendants argue that under Rule 12(b)(6), "Plaintiff fails to state a claim for breach of contract based on the alleged implied covenants of good faith and fair dealing." Mot. Dismiss, 15.

12 – OPINION AND ORDER

Claims alleging breach of the contractual duty of good faith may be pursued independently of a claim for breach of an express contract term. *McKenzie v. Pac. Health & Life Ins. Co.*, 118 Or. App. 377, 381 (1993). A duty of good faith and fair dealing is implied in every contract, including insurance policies. *Brockway v. Allstate Prop. & Cas. Ins. Co.*, 284 Or. App. 83, 95 (2017). To sustain a good faith and fair dealing claim, "a plaintiff must assert conduct by the defendant that violated the plaintiff's objectively reasonable contractual expectations." *Marshall v. Wells Cap. Mgmt. Inc.*, Civil No. 07–309–HU, 2007 WL 4565164, at *9 (D. Or. Dec. 19, 2007).

Defendants' arguments as to the Policies' implied covenants of good faith and fair dealing largely focus on whether Plaintiff can *prove* her claim.[3] However, at this stage of litigation Plaintiff must only allege facts sufficient to state a *plausible* claim. *See Twombly*, 550 U.S. at 570; *see also Iqbal*, 556 U.S. at 678. Plaintiff has sufficiently alleged that Defendants violated her contractual expectations to reasonably settle by failing to: act promptly to her settlement demands, settle when it was reasonable to do so, and settle when it would have released Senvoy from personal liability. Compl. ¶ 33. Thus, Plaintiff has sufficiently established and asserted that the Policies provided Plaintiff with a reasonable expectation that Defendants would reasonably settle the underlying litigation.

Accepting all allegations of material fact as true and construing those facts in the light most favorable to Plaintiff, *Lund*, 5 F.4th at 968, the Court finds that Plaintiff sufficiently alleges a

---

[3] Defendants cite numerous cases that address an insurer's duty to act reasonably towards settlement, however all the cases cited are either at the summary judgment or trial stage of litigation. *See* Mot. Dismiss, 16–17 (citing cases: *Radcliffe v. Franklin Nat'l Ins. Co.*, 208 Or 1 (1956) (directed verdict); *Kuzmanich v. United Fire & Cas. Co.*, 242 Or. 529 (1966) (court verdict); *Eastham v. Or. Auto. Ins. Co.*, 273 Or. 600 (1975) (jury verdict); *Graciano v. Mercury Gen. Corp.*, 231 Cal. App. 4th 414 (2014) (jury verdict); *McReynolds v. Am. Com. Ins. Co.*, 225 Ariz. 125 (App. 2010) (summary judgment)). At this stage of the pleadings, the Court makes no finding of fact, accordingly the cases cited by Defendant do not help the Court resolve the motion at hand.

13 – OPINION AND ORDER

breach of contract claim based on the implied covenants of good faith and fair dealing. Again, at this stage of litigation, the Court makes no finding of facts as to whether Plaintiff can prove her claim. Accordingly, Defendants' motion to dismiss Plaintiff's implied covenants of good faith and fair dealings claim is denied.

### D. Plaintiff's Claim Is Subject to the Six-Year Statute of Limitations Pursuant to ORS 12.080.

The present action was initiated more than two years but less than six years after the accrual of Plaintiff's claim against Defendants. Defendants contend that Plaintiff's breach of contract claim is barred by the two-year statute of limitations pursuant to ORS 12.110. Mot. Dismiss, 22. Pursuant to ORS 12.110(1), a litigant has two years within which to bring "[a]n action for assault, battery, false imprisonment, or for an injury to the person or the rights of another, not arising on contract." ORS 12.110(1) "covers the residual category of those actions which cannot be said to arise from contracts or from other sources of liability covered by different statutory limitations." *Securities-Intermountain, Inc. v. Sunset Fuel Co.*, 289 Or. 243, 246 (1980) (footnote omitted).

Plaintiff asserts that an action on an insurance policy is subject to the six-year statute of limitations pursuant to ORS 12.080. Resp., 10. ORS 12.080 allows a litigant six years within which to bring an action "upon a contract or liability, express or implied," with exceptions that are not relevant to this action.[4]

*Securities-Intermountain* provides guidance on the statute of limitations question. There, the plaintiff brought an action against an architect and a heating contractor seeking damages for installation of a defective heating system. 289 Or. 243, 245. The defendant asserted that the claim

---

[4] The Court Ordered "the parties to file [simultaneous] supplemental briefing on Defendants' argument that Plaintiff's claim is time-barred." July 11, 2025, Order (ECF 26).

14 – OPINION AND ORDER

was time-barred pursuant to ORS 12.110. *Id.* The Oregon Supreme Court stated the relevant rule in such cases:

> If the alleged contract merely incorporates by reference or by implication a general standard of skill and care to which the defendant would be bound independent of the contract, and the alleged breach would also be a breach of this noncontractual duty, then ORS 12.110 applies. Conversely, the parties may have spelled out the performance expected by the plaintiff and promised by the defendant in terms that commit the defendant to this performance without reference to and irrespective of any general standard. Such a defendant would be liable on the contract whether he was negligent or not, and regardless of facts that might excuse him from tort liability. . . In such cases, there is no reason why an action upon the contract may not be commenced for the six years allowed by ORS 12.080.

*Id.* at 259-60 (citations and footnote omitted). The court concluded that the six-year statute of limitations under ORS 12.080 for actions upon a contract applied, as the contract for architectural services set forth obligations in considerable detail and did not simply invoke a general standard of performance. *Id.* at 261-62. Importantly, the court noted that "if the complaint nonetheless alleges the necessary elements of an action for breach of contract, including the alleged injury, nothing in the statutes prevents proceeding on that theory and limiting the damages accordingly." *Id.* at 260. The court concluded that the body of law that had developed to determine the "real" character of an action in that context was "the product of case-by-case development more than of any single coherent theory." *Id.* at 252.

The *Georgetown Realty, Inc. v. Home Insurance Co.*, 313 Or. 97 (1992) court provides additional guidance. There, the Oregon Supreme Court distinguished a tort remedy as opposed to a contract remedy as follows:

> When the relationship involved is between contracting parties, and the gravamen of the complaint is that one party caused damage to the other by negligently performing its obligations under the contract, then, and even though the relationship between the parties arises out of the contract, the injured party may bring a claim for negligence if the other party is subject to a standard of care independent of the terms of the contract . . . . In some situations, a party may be able to rely on either a contract theory or a tort theory or *both*.

15 – OPINION AND ORDER

*Id.* at 106 (emphasis added).

Here, Defendants concede that the "alleged failure to settle and obtain release from Plaintiff could be brought in either contract or tort." Reply, 13; *see also Groce v. Fid. Gen. Ins. Co.*, 252 Or. 302, 302–03 (1969) (an insurer's duty to act with due care while engaging in settlement negotiations exists both in contract and tort). But Defendants further state that "[b]ecause both theories exist for breach of the same duty, the claim must be brought within two years pursuant to ORS 12.110 and *Securities-Intermountain*." Reply, 13. Defendant further alleges that Plaintiff's claim is for breach of a duty that arises independent of the terms of the contract and therefore ORS 12.110 applies. Defendants' Supplemental Briefing ("Def. Supp. Brief", ECF 28), 2.

As discussed above, Defendants had no express contractual duty to settle. Indeed, the remaining theory under Plaintiff's breach of contract claim is the implied covenant of good faith and fair dealing based on Defendants alleged failure to settle. Thus, the claim is not based on a specific contractual obligation. However, *Georgetown* "does not state that breach of this duty *must* be brought in tort; it only established that it *may* be brought in tort." *Eastwood v. Am. Fam. Mut. Ins. Co.*, Civil No. 05-1579-HA, 2006 WL 2934260, at *4 (D. Or. Oct. 12, 2006) (emphasis in original). And "[t]he right to expect one's insurer to exercise good faith in the settlement of claims is a valuable contract right." *Groce*, 252 Or. at 303.

Also relevant here is *Securities-Intermountain's* discussion on earlier decision that "took plaintiff's pleadings on its own terms[ ]" and "did not purport to look beyond a well-pleaded complaint so as to impose upon plaintiff a contrary characterization of his cause of action that would defeat it." 289 Or. at 254; *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (discussing federal well-pleaded complaint rule, which "makes the plaintiff master of the claim.").

Here, Plaintiff only alleges a breach of contract claim, has not alleged a tort claim, and is seeking contractual damages. Thus, Plaintiff's choice of legal theory is entitled to deference.

In conclusion, Plaintiff could have brought her claim under a contract theory, a tort theory, or both. The fact that Plaintiff is time-barred from alleging a tort claim under ORS 12.110 does not equate to her being time-barred from alleging a contract claim under ORS 12.080. In addition, ORS 12.080 explicitly states that it applies "upon a contract or liability, express or *implied*." ORS 12.080(1) (emphasis added). Under the circumstances here, Plaintiff's breach of the implied covenants of good faith and fair dealing claim is proper, and the six-year statute of limitations under ORS 12.080(1) applies to Plaintiff's claim.

## IV.   CONCLUSION

Accordingly, Defendants' Motion to Dismiss [9] is GRANTED IN PART and DENIED IN PART. Defendants' Motion to Dismiss is granted as to Plaintiff's express breach of contract claim. However, Defendants' Motion to Dismiss is denied as to Plaintiff's claim for breach of the implied covenants of good faith and fair dealing. All pending motions are DENIED AS MOOT.

IT IS SO ORDERED.

DATED this __8th__ day of August 2025.

*Amy M. Baggio*
_____
AMY M. BAGGIO
United States District Judge

17 – OPINION AND ORDER